WO                                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Ortiz, | No.   CV 21-01579-PHX-MTL (JZB) |
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

On September 9, 2021, Plaintiff Christopher Ortiz and thirteen others filed a pro se Complaint in *Jimenez v. Maricopa County Sheriff's Office*, CV 21-01541-PHX-SMB (CDB).  In a September 15, 2021 Order, the Court severed that action into individual actions for each Plaintiff and directed the Clerk of Court to assign a new case number to each new individual action and file a copy of the Order and the Complaint in each new action.  The Clerk of Court has done so.  This is Plaintiff's new lawsuit.

"A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."  *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff, however, has never provided the Court with his address.  Plaintiff's failure to inform the Court informed of his address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent

1   power to dismiss a case sua sponte for failure to prosecute, even though the language of

2   Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a

3   party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for

4   failure to prosecute even without notice or hearing.  *Id.* at 633.

5        In determining whether Plaintiff's failure to prosecute warrants dismissal of the

6   case, the Court must weigh the following five factors: "(1) the public's interest in

7   expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk

8   of prejudice to the defendants; (4) the public policy favoring disposition of cases on their

9   merits; and (5) the availability of less drastic sanctions."  *Carey*, 856 F.2d at 1440 (quoting

10  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors

11  favor the imposition of sanctions in most cases, while the fourth factor cuts against a default

12  or dismissal sanction.  Thus the key factors are prejudice and availability of lesser

13  sanctions."  *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

14       Here, the first, second, and third factors favor dismissal of this case.  Plaintiff's

15  failure to keep the Court informed of his address prevents the case from proceeding in the

16  foreseeable future.  The fourth factor, as always, weighs against dismissal.  The fifth factor

17  requires the Court to consider whether a less drastic alternative is available.  Without

18  Plaintiff's address, however, certain alternatives are bound to be futile.  *See Carey*, 856

19  F.2d at 1441 ("An order to show cause why dismissal is not warranted or an order imposing

20  sanctions would only find itself taking a round trip tour through the United States mail.").

21       The Court finds that only one less drastic sanction is realistically available.  Rule

22  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the

23  merits "[u]nless the dismissal order states otherwise."  In the instant case, the Court finds

24  that a dismissal with prejudice would be unnecessarily harsh.  The Complaint and this

25  action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal

26  Rules of Civil Procedure.

27  . . . .

28  . . . .

1    **IT IS ORDERED** that Plaintiff's Complaint (Doc. 2) and this action are **dismissed**

2  **without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for

3  failure to prosecute.  The Clerk of Court must enter judgment accordingly.

4    Dated this 24th day of September, 2021.

5

6

7

8  Michael T. Liburdi
   United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28